UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ROCHEL KAUFMAN and LIPA KAUFMAN,

                     Plaintiffs,

-against-   **COMPLAINT**

UNITED STATES OF AMERICA,   Docket No.

                     Defendant.
_____

     Plaintiffs, ROCHEL KAUFMAN (hereinafter RK) and LIPA KAUFMAN (hereinafter LK), by their attorneys, ZUCKER & REGEV, P.C., complaining of the defendant herein, respectfully show to this Honorable Court and allege, upon information and belief:

## JURISDICTION

1.    This court has jurisdiction over the above entitled action pursuant to 28 U.S.C §1346 and §2674 et seq. and the Federal Tort Claims Act.

2.    On or about the 21st day of July, 2020, plaintiff served upon the United States Department of Health & Human Services a duly executed Claim setting forth the material facts underlying the within action pursuant to 28 U.S.C. §2401(b).

3.    More than six months have elapsed since service of the aforesaid Claim.

4.    Plaintiff has duly complied with all prerequisites to the commencement of the within action pursuant to 28 U.S.C. §2675.

## STATEMENT OF FACTS

5.    Upon information and belief, at all times hereinafter mentioned, defendant United States of America (hereinafter "the defendant") owned a medical facility known as Refuah Health Center located at 728 North Main Street, Spring Valley, New York.

6.  Upon information and belief, at all times hereinafter mentioned, the defendant operated a medical facility known as Refuah Health Center located at 728 North Main Street, Spring Valley, New York.

7.  Upon information and belief, at all times hereinafter mentioned, the defendant employed various physicians, nurses, technicians and other individuals for the purpose of rendering medical care and treatment at said medical facility.

8.  Upon information and belief, at all times hereinafter mentioned, the defendant held itself out to the public, and more particularly to plaintiff RK, as rendering and being capable of rendering medical care and treatment in accordance with standards of good and accepted medical practice at said medical facility.

9.  On or about the 22nd day of August, 2018, plaintiff RK tested positive for step pharyngitis and received medical care and treatment at said medical facility for certain signs, symptoms and complaints, including, but not limited to, a sore throat.

10. On or about the 27th day of August, 2018, plaintiff RK received medical care and treatment at said medical facility for certain signs, symptoms and complaints, including, but not limited to, facial rash.

11. On or about the 28th day of August, 2018, plaintiff RK received medical care and treatment at said medical facility for certain signs, symptoms and complaints, including, but not limited to, a body rash.

12. On or about the 1st day of September, 2018, plaintiff RK received medical care and treatment at said medical facility for certain signs, symptoms and complaints, including, but not limited to, a body rash and eye discharge.

13.     On or about the 2nd day of September, 2018, plaintiff RK was diagnosed with Stevens-Johnson Syndrome.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF ROCHEL KAUFMAN

14.     The aforesaid medical care and treatment was rendered in a negligent and improper manner in failing to timely and properly diagnose and treat Stevens-Johnson Syndrome and in otherwise failing to conform with standards of good and accepted medical practice.

15.     As a result of the aforesaid negligence, malpractice, and wrongdoing of the defendant, its agents, servants, and employees, plaintiff RK was caused to sustain permanent and extensive personal injuries, has incurred and will continue to incur medical and hospital expenses, and has suffered and will continue to suffer physical pain and mental anguish.

16.     By virtue of the foregoing, plaintiff RK has been caused to suffer damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF
## ACTION ON BEHALF OF LIPA KAUFMAN

17.     Plaintiff LK repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 16 with the same force and effect as if set forth herein more fully at length.

18.     At all times hereinabove mentioned, plaintiff LK was and still is the lawful husband of plaintiff RK.

19.     As a result of the negligence, malpractice, and wrongdoing of the defendants as aforesaid, plaintiff RK has been deprived of the companionship, society, consortium, and services of his said spouse.

20. By virtue of the foregoing, plaintiff LK has been caused to suffer damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## JURY DEMAND

21. Plaintiffs hereby demand a trial by jury with respect to all claims made herein.

WHEREFORE, plaintiff RK demands judgment against the defendant in the sum of Five Million ($5,000,000.00) Dollars on the First Cause of Action and plaintiff LK demands judgment against the defendant in the sum of Five Million ($5,000,000.00) on the Second Cause of Action, together with the costs, interest, and disbursements of this action.

ZUCKER & REGEV, P.C.
Attorneys for Plaintiff
186 Joralemon Street, Suite 1010
Brooklyn, NY 11201
Tel: 718-624-1211
Fax: 718-624-6037
contact@zucker-regev.com

By: _____
GUY S. REGEV (GR-6773)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ROCHEL KAUFMAN and LIPA KAUFMAN

                    Plaintiff(s),

    -against-

UNITED STATES OF AMERICA,

                    Defendant(s).
_____

**CERTIFICATE OF MERIT NOTICE OF COMPLIANCE PURSUANT TO CPLR 3012-a(1)**

    GUY S. REGEV, an attorney admitted to practice in the State of New York, does hereby certify, pursuant to CPLR 3012-a (1):

    I am a member of the firm of ZUCKER & REGEV, P.C., attorneys for the plaintiff in the above-entitled action and hereby certify that I have reviewed the facts of this case and have consulted with a physician licensed to practice in this State who, I reasonably believe, is knowledgeable in the relevant issues involved in this action, and have concluded on the basis of such review and consultation that there is a reasonable basis for commencement of this action.

Dated: Brooklyn, New York
       January 27, 2020

                                                  _____
                                                  GUY S. REGEV